## RANKIN *v.* THOMPSON *et al.*

(*Supreme Court of Colorado, May 2, 1884—Appeal from the District Court of Fremont County*)

VERDICT—SET ASIDE, WHEN. When there is no substantial conflict in the evidence as to a material fact, and the jury find contrary thereto, it will be assumed that they misunderstood the evidence or misapprehended its scope and effect. In such case the verdict should be set aside and a new trial granted.

HELM, J. Appellees were sub-contractors under appellant in grading a portion of the Gunnison extension of the Denver and Rio Grande Railway. No particular amount of grading was stipulated to be done by them; they were to do as much as they could. The construction work on this extension was divided into sections one mile each in length. Appellees commenced grading upon section 274, which they finished; then proceeding to 275, they did about one-quarter of the work and passed to 276; leaving the latter in an unfinished condition, they advanced their force to 277; after doing a small part of the work on 277 they returned to 276, and ultimately completed the grading of that section.

In the meantime the track-layers were approaching, and the extension company had given orders to appellant to have the gaps left by appellees upon these sections immediately filled up; appellant gave notice to appellees in accordance with these orders; the latter failing to comply as quickly as the urgency of the case required, appellant put forces of men to work and completed the sections.

There is practically no dispute as to the actual amount of grading done by appellees, or the sum paid them therefor, and the balance remaining due. But appellant contended that appellees were bound to finish each section before leaving it; that their failure to do so was a violation of their contract with him; that by reason of such failure, the necessity arose for his filling the gaps left, himself; that in the sudden removal of camps, the transfer of large bodies of men, the performance of the labor and otherwise, in doing this work, he was compelled necessarily to incur great expense; and that such necessary and reasonable expense, added to the amount already advanced to appellees, exceeded what he would have paid them under the contract for grading the four sections, in the sum of $1,177.70. For this amount appellant in his answer demands judgment by way of counter-claim.

The contract was verbal, and appellees deny that they were bound thereby to complete each section before passing to the next, leaving no gaps unfinished.

The main question of fact presented to the jury related to the terms of the agreement in this respect. Under the evi-

dence in the record, it appears that the jury must have resolved this question of fact against appellant.

If the record disclosed a substantial conflict of testimony upon this feature of the contract, we would not presume to interfere with the findings of the jury thereon, although they accepted the sworn declarations of one witness as against those of two.

Appellant swears positively that, under the agreement, appellees were to finish the work on each section before they passed to another, and were to leave no gaps; his statements are corroborated by the testimony of Clark, and also, in our judgment, by that of Thompson himself; for Thompson says that he did not understand that appellees were permitted to work here and there, leaving gaps between. The rest of Thompson's testimony upon this subject in no way conflicts with appellant's view of the contract. The facts that no certain amount of work was contracted for, and that appellees were to begin and do what they could with their "outfit," are not inconsistent with the proposition that they were bound to complete each section before leaving it. Neither is his denial that a certain conversation took place, relative thereto, a declaration that the contract did not contain this provision.

Here, then, was a question of fact constituting a material issue, upon which there is no substantial conflict in the testimony; as to which, on the contrary, the testimony of both sides is in harmony. We think the jury must have misunderstood this evidence, or misapprehended its scope and effect.

The record discloses nothing which can fairly be construed as a waiver on the part of appellant of a breach of the contract in this respect. Upon a re-trial of the cause it may be made to appear that such a waiver took place; or under amended pleadings, if amendment thereof be allowed, matters in avoidance may perhaps be presented.

But we are satisfied that for the erroneous finding of the jury, this judgment should be reversed; it is unnecessary to consider the remaining assignments of error.

The judgment will be reversed, and the cause remanded for a new trial. *Reversed.*

*Thatcher & Gast,* for appellant.

*J. W. Waldron* and *J. D. Freman,* for appellees.